IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNARD P. LENCZNER and
LISA D'ALESSIO LENCZNER,

                Plaintiffs,                        OPINION AND ORDER

      v.                                                  14-cv-691-wmc

WELLS FARGO, N.A., *et al.*,

                Defendants.

---

Plaintiffs Bernard P. Lenczner and Lisa D'Alessio Lenczner filed this lawsuit against defendants "Wells Fargo, N.A., as Trustee for the Holders of Park Place Securities, Inc., Asset-back Passed Through Certificate Series 2004, and Does 1-100" (collectively, "Wells Fargo"). Wells Fargo has responded by filing a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). After considering all of the pleadings in the record, the court will grant Wells Fargo's motion in part and deny it in part. The Lenczners will be allowed to proceed with their claims for violation of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act and for intentional infliction of emotional distress. The remaining claims will be dismissed.

FACTS[1]

On March 10, 2004, the Lenczners executed a note and mortgage loan from Argent Mortgage Company, LLC. ("Argent Mortgage"), in the amount of $160,000.00 for the

---

[1] Consistent with Seventh Circuit precedent, the following facts are taken from the complaint, from reasonable inferences drawn in plaintiffs' favor as the non-moving party, and from information contained in earlier state court and bankruptcy proceedings over which this court may take judicial notice. *See* discussion, *infra*, at 4-5.

purchase of a home located in Sun Prairie, Wisconsin. Subsequently, Argent Mortgage assigned the Lenczners' mortgage to Wells Fargo.

In September of 2009, the Lenczners stopped making payments on their mortgage and defaulted on their loan. Thereafter, the Lenczners began receiving collection notices from Select Portfolio Servicing on behalf of Wells Fargo. The Lenczners responded that they had no contract or agreement with Wells Fargo and took no steps to cure their default.

On January 3, 2012, Wells Fargo filed a foreclosure action against the Lenczners in Dane County Circuit Court. *See Wells Fargo Bank, N.A. et al. v. Bernard P. Lenczner et al.*, Case No. 12CV6. As part of that action, Wells Fargo asserted that: (1) it was the current holder of the Lenczners' mortgage loan; (2) the Lenczners were in default on the mortgage loan; and (3) the amount due and owing to Wells Fargo was $164,796.69, exclusive of interest and other charges.

When the Lenczners failed to answer, Wells Fargo eventually filed a motion for a default judgment. After a hearing on that motion, the circuit court entered findings of fact, conclusions of law and judgment in favor of Wells Fargo on July 3, 2012. Specifically, the circuit court adjudged that: (1) all material allegations in Wells Fargo's complaint were proven true; (2) Wells Fargo was entitled to default judgment against the Lenczners; (3) the total amount due to Wells Fargo under the terms of the note and mortgage was $208,671.95; and (4) the mortgage property could be sold after the expiration of the redemption period. The Lenczners did not appeal that decision.

Once the redemption period expired, Wells Fargo noticed a Sheriff's Sale of the mortgaged property for February 25, 2014. On February 7, 2014, the Lenczners filed a "Motion to Dismiss Plaintiff's Complaint" in the foreclosure action, alleging for the first time that Wells Fargo lacked standing to foreclose because their original mortgage loan was with Argent Mortgage, not Wells Fargo. The Dane County Circuit Court denied the Lenczners' motion and affirmed the judgment of foreclosure.

After the Dane County Circuit Court denied their motion, the Lenczners filed for bankruptcy. *See In re: Bernard P. Lenczner and Lisa Lenczner*, Case No. 14-10571 (W.D. Wis.). In response, the United States Trustee filed a motion to deny relief, noting that the Lenczners were not entitled to discharge because they had been previously granted a discharge in 2011. The Lenczners neither responded to the Trustee's motion, nor appeared at the meeting of creditors, in violation of an order entered by the Bankruptcy Court. On April 4, 2014, the Bankruptcy Court granted the Trustee's motion and denied discharge; on May 15, 2014, the Bankruptcy Court dismissed the Lenczners' bankruptcy proceeding; after which, Wells Fargo re-noticed a Sheriff's Sale of the mortgaged property.

In October 2014, the Lenczners filed a complaint with this court. The complaint alleges causes of action for: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (2) violation of the Fair Credit Reporting Act and Wisconsin's consumer and credit reporting laws; (3) intentional infliction of emotional distress; and (4) wrongful foreclosure. The Lenczners seek declaratory and injunctive relief in the form of a judgment stating that they are the sole owners of the mortgaged

property and that Wells Fargo has no right to the mortgaged property whatsoever. Arguing that these claims depend on issues that were resolved against the Lenczners in state court, Wells Fargo moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

OPINION

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court accepts as true the well pleaded factual allegations found in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). The court may also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in the plaintiff's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012). The burden of establishing proper subject matter jurisdiction rests on the party asserting it, typically, as here, the plaintiff. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are appropriate only where the plaintiff's complaint fails to state a claim upon which relief can be granted. Ordinarily, federal pleading rules require no more than "a short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). A court reviewing a

motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all permissible inferences in his favor. *Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) (citation omitted). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, to survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Wells Fargo does not move to dismiss the complaint based on factual deficiencies in the pleadings. Instead, Wells Fargo maintains that the complaint must be dismissed for lack of subject matter jurisdiction as barred by the *Rooker-Feldman* doctrine and the related doctrine of abstention. In the alternative, Wells Fargo argues that the complaint must be dismissed under the doctrine of claim preclusion or *res judicata*. These arguments are addressed in turn below.

I. *Rooker-Feldman* **Doctrine**

Wells Fargo argues that the underlying premise of each of the Lenczners' claims is that Wells Fargo lacked standing to enforce the 2004 mortgage on their home, making unlawful any attempt by Wells Fargo to collect on the mortgage loan debt or to foreclose on the mortgaged property. Arguing that the Lenczners' claims constitute a collateral attack on the Dane County Circuit Court's judgment of foreclosure, Wells Fargo maintains that

5

review of the present complaint is constrained by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983).

The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 284 (2005). If the *Rooker-Feldman* doctrine applies, a suit must be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Thus, the relevant question in determining whether *Rooker-Feldman* bars a particular claim is whether the plaintiff is seeking redress for an injury *caused by* the state court judgment. *See Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015) ("[T]he *Rooker-Feldman* doctrine asks what injury the plaintiff asks the federal court to redress.") Here, Claims 4, 5 and 6 of the Lenczners' complaint clearly seek redress for injuries caused by the state court foreclosure judgment. In Claim 4, "Declaratory Judgment/Lien Release," the Lenczners seek a declaration that they are the sole owners of the property and that Wells Fargo had no right to seek foreclosure of the property. They seek to quiet title of the property in their names. (*See* Cpt. ¶¶ 82-87.) In Claim 5, "Injunctive Relief, the

6

Lenczners seek to enjoin Wells Fargo from depriving them of their property. (*Id.* ¶¶ 90-92.) Finally, in Claim 6, "Wrongful Foreclosure," the Lenczners again request a finding that Wells Fargo had no legal right to foreclose the property. Because Claims 4, 5 and 6 are obvious challenges to the state court foreclosure judgment itself, these claims are barred by the *Rooker-Feldman* doctrine and must be dismissed for lack of subject matter jurisdiction. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646-47 (7th Cir. 2011) (dismissing claims that directly challenged state foreclosure action as barred by *Rooker-Feldman*); *Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) (same); *Sheikhani v. Wells Fargo Bank*, 526 F. App'x 705, 706 (7th Cir. 2013) (same).

That being said, the Lenczners' remaining claims are not merely challenges to the state foreclosure judgment. Instead, in Claims 1, 2 and 3, the Lenczners allege injuries that preceded the state court foreclosure judgment. In support of their claim under the Fair Debt Collection Practices Act ("FDCPA") (Claim 1), the Lenczners allege that Wells Fargo engaged in numerous false, deceptive or misleading collection practices that violated the Act, such as reporting misleading information about them to credit bureaus. (*See, e.g.*, Cpt. ¶¶ 44, 49, 58, 61, 62). Similarly, they allege that Wells Fargo violated the Fair Credit Reporting Act ("FCRA") (Claim 2) by taking numerous actions preceding the foreclosure judgment, such as obtaining credit reports unlawfully. (*Id.* ¶¶ 68-71.)[2] The Lenczners seek statutory damages for the alleged violations of the FDCPA and FCRA, and do not merely seek to overturn the foreclosure action. Finally, the Lenczners allege that various

---

[2] Wells Fargo has not argued these allegations are insufficient to state claims under either the FDCPA or FCRA.

actions by Wells Fargo, and not just the foreclosure action itself, amounted to intentional infliction of emotional distress (Claim 3). (*Id.* ¶¶77-78.)

Because Claims 1, 2 and 3 seek to redress out-of-court injuries that preceded the state foreclosure judgment, they are not barred by the *Rooker-Feldman* doctrine. *See Iqbal*, 780 F.3d at 730 ("[I]f a plaintiff contends that out-of-court events have caused injury that the state judiciary failed to detect and repair, then a district court has jurisdiction."). Therefore, Wells Fargo's motion to dismiss those claims under *Rooker-Feldman* will be denied. The Lenczner's should be aware, however, that even if they ultimately succeed on the merits of their claims under the FDCPA, FCRA or state law, this court cannot undue the state court's foreclosure judgment.[3] Rather, the Lenczner's would be entitled only to statutory damages or other damages not flowing directly from the state foreclosure action.

## II. Abstention

Wells Fargo argues that the Lenczner's lawsuit should also be dismissed under doctrines of "abstention," or non-intervention, because the Lenczners' current lawsuit has served to frustrate efforts to enforce the state court's judgment of foreclosure by allowing the Sheriff's Sale to take place. Abstention and non-intervention doctrines are based on traditional principles of "equity, comity, and federalism." *SKS & Assoc. v. Dart*, 619 F.3d 674, 676 (7th Cir. 2010). In that respect, *Younger v. Harris*, 401 U.S. 37 (1971), requires a federal court to abstain in cases where a federal litigant seeks to enjoin execution of a state

---

[3] Similarly, the Lenczner's may not relitigate the amount that the state court already adjudicated to be due and owing Wells Fargo nor assert a claim of misrepresentation under FDCPA, or FCRA inconsistent with that finding. *Delaney v. Specialized Loan Servicing, LLC*, No. 15-c-5260, 2015 U.S. Dist. WL 7776905 at *7 (N.D. Ill. Dec. 3, 2015) (plaintiff may not pursue an FDCPA claim premised on an attempt to collect debts [they] did not owe" if state foreclosure action held that amount *was* due and owing).

court judgment or to interrupt ongoing state proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) ("Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."). Similarly, *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943), and *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25 (1959), counsel against a federal court sitting in diversity jurisdiction from interfering in a complex or important area of state law. *See also Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) (counseling against a federal court from interfering with parallel state litigation).

The court concludes that abstention principles would likely require this court to refrain from addressing any of the Lenczners' claims that seek to forestall execution of the state court's judgment of foreclosure. As is discussed above, however, the Lenczners' claims seeking such relief is already precluded by the *Rooker-Feldman* doctrine. With respect to the remaining claims, the court is *not* persuaded that their resolution would interfere with a sheriff's sale or any ongoing state proceedings. *See DeHart v. US Bank*, 811 F. Supp. 2d 1038, 1046 (D.N.I. 2011) (determination of fair debt collection claims based on threats of illegal acts, profane language, excessive calls or fake or misleading statements not inconsistent with the underlying foreclosure judgment); *Owens v. Howe*, No. 1:04-CV-152, 2004 U.S. Dist. WL 6070565, at*4 (N.D. Ind. Nov. 8, 2004) (holding that resolution of the state court case will not dispose of the FDCPA claims in the present case). Rather, the Lenczners can proceed with their claims for damages without any disruption of

the sheriff's sale itself. Accordingly, Wells Fargo's motion to dismiss Claims 1, 2 and 3 on abstention grounds will also be denied.

## III. Claim Preclusion

Finally, the court is not persuaded that Claims 1, 2 and 3 should be dismissed under preclusion principles either. Wells Fargo argues that the judgment of foreclosure entered in Dane County Circuit Court is entitled to preclusive effect because all of the requirements for claim preclusion are satisfied. In Wisconsin, the doctrine of claim preclusion holds that "a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated *or which might have been litigated* in the former proceedings." *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 26, 282 Wis. 2d 582, 698 N.W.2d 738 (emphasis added).[4] Wisconsin law requires the following essential elements for *res judicata* to apply: (1) an "identity between the parties or their privies in the prior and present suits"; (2) that the "prior litigation resulted in a final judgment on the merits by a court with jurisdiction"; and (3) an "identity of the causes of action in the two suits." *Sopha v. Owens-Corning Fiberglass Corp.*, 230 Wis. 2d 212, 601 N.W.2d 627, 637 (Wis. 1999). Consistent with Wisconsin's compulsory counterclaim rule, this bar applies to "preclude a defendant who may counterclaim in a prior action from bringing a subsequent action on the claim if the action would nullify the initial judgment or impair

---

[4] Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts are required to give a state judgment the same preclusive effect that it would receive in state court. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Gambino v. Koonce*, 757 F.3d 604, 608 (7th Cir. 2014). Thus, state law determines whether the previous judgment entered in Dane County Circuit Court precludes the Lenczners' pending complaint. *See Gambino*, 757 F.3d at 608.


rights established in the initial action." *A.B.C.G. Enters., Inc. v. First Bank Southeast, N.A.*, 184 Wis. 2d 465, 480, 515 N.W.2d 904 (Wis. 1994).

Here, it is clear that the state court did not resolve any of the claims the Lenczner's now seek to assert in Claims 1, 2 and 3. Thus, the only basis for applying claim preclusion would be that the Lenczners' *could have and should have* brought their federal claims as counterclaims in the foreclosure action. But Wells Fargo does not make any argument as to why the Lenczners were required to bring claims challenging pre-foreclosure collection efforts in the foreclosure action, particularly where the relief now sought with respect to these claims – statutory and/or compensatory damages -- would not nullify or impair the foreclosure judgment. Nor does Wells Fargo point the court to any case law suggesting that Wisconsin would consider these types of claims as compulsory counterclaims in a foreclosure action. Finally, while plaintiffs likely *could* have asserted FDCPA and FCRA counterclaims in the state foreclosure action, finding claim preclusion would necessarily mean that defendants foreclosure actions *must* forego their right to proceed in federal court on federal rights to fair debt collection and credit reporting simply because the underlying debt is the same. Accordingly, the court will deny the motion to dismiss these claims on preclusion grounds as well.

ORDER

IT IS ORDERED that:

1. Defendant Wells Fargo's motion to dismiss (dkt. # 10) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to

    Claims 4, 5 and 6 of the complaint, and those claims are DISMISSED for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The motion is DENIED in all other respects.

2. The clerk of court is directed to set this case for a preliminary pretrial conference before Magistrate Judge Stephen Crocker.

Entered this 9th day of September, 2016.

        BY THE COURT:

        /s/

        _____
        WILLIAM M. CONLEY
        District Judge