IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERNARD P. LENCZNER and
LISA D'ALESSIO LENCZNER,

               Plaintiffs,　　　　　　　　　OPINION AND ORDER

      v.　　　　　　　　　　　　　　　　　　14-cv-691-wmc

WELLS FARGO, N.A., *et al.*,

               Defendants.

---

      This matter is before the court on defendant Wells Fargo's motion for reconsideration. (Dkt. #17.) Plaintiffs Bernard P. Lenczner and Lisa D'Alessio Lenczner filed this lawsuit against defendants "Wells Fargo, N.A., as Trustee for the Holders of Park Place Securities, Inc., Asset-back Passed Through Certificate Series 2004, and Does 1-100" (collectively, "Wells Fargo"), after Wells Fargo attempted to collect on plaintiffs' defaulted mortgage and, ultimately, filed a foreclosure action on plaintiffs' home. Plaintiffs allege that Wells Fargo violated the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA") and state law in connection with its collection efforts and the foreclosure action. Wells Fargo responded to the suit by filing a motion to dismiss the complaint, arguing that plaintiffs' claims were barred by the *Rooker-Feldman* doctrine, as well as the common law principles of abstention and/or claim preclusion.

      On September 9, 2016, this court granted defendants' motion to dismiss in part, and denied it in part. (Dkt. #16.) The court concluded that claims 4, 5 and 6 of plaintiffs' complaint must be dismissed under the *Rooker-Feldman* doctrine because those claims were

1

direct challenges to the state court foreclosure judgment. The court denied the motion as to claims 1, 2 and 3, however, because those claims did not merely challenge the state foreclosure judgment, but also allege injuries preceding and otherwise distinct from the state foreclosure judgment. Thus, the court concluded that they were not barred by *Rooker-Feldman*; nor were they barred by the abstention or preclusion doctrines.

In Wells Fargo's motion for reconsideration, it argues that the court erred in failing to dismiss claims 1, 2 and 3. Contrary to the court's interpretation, Wells Fargo argues that claims 1, 2 and 3 are based entirely on the theory that Wells Fargo did not own plaintiffs' debt and did not have the right to collect on the debt or foreclose on the mortgage. Accordingly, Wells Fargo argues that the court should have dismissed those claims for the same reason it dismissed plaintiffs' other claims.

Upon reconsideration, the court agrees with Wells Fargo that plaintiffs' claims under the FCRA and state law are based solely on the theory that Wells Fargo did not have the right to collect on plaintiffs' debt. Therefore, the FCRA and state law claims will be dismissed. However, the court will deny the motion with respect to plaintiffs' FDCPA claims because plaintiffs' complaint contains allegations supporting those claims that do not depend on a finding that Wells Fargo lacked the right to collect plaintiffs' debt.

OPINION

The following three claims survived Wells Fargo's motion to dismiss: (1) Wells Fargo violated the Fair Debt Collection Practices Act; (2) Wells Fargo violated the Fair Credit Reporting Act; and (3) Wells Fargo intentionally inflicted emotional distress on plaintiffs.

Wells Fargo argues that the *only* factual allegation underlying these claims is Wells Fargo's alleged non-ownership of their mortgage loan. The court discusses each claim below.

I.  **Fair Debt Collection Practices Act**

Wells Fargo argues that the only basis for plaintiffs' FDCPA claim is plaintiffs' allegations that Wells Fargo wrongfully pursued collection of plaintiffs' mortgage by falsely claiming ownership of the underlying loan, initiating a foreclosure action and obtaining a foreclosure judgment. Wells Fargo further argues that plaintiffs' complaint contains no allegations that Wells Fargo took any prohibited action before, during or after the foreclosure action that would support a claim under the FDCPA.

As the court explained in the previous order, however, plaintiffs make several allegations regarding actions and injuries that preceded the state court foreclosure judgment. Specifically, plaintiffs allege that Wells Fargo: (1) misrepresented the amount of the debt in its communications in violation of § 1692e(2); (2) failed to communicate to credit reporting agencies that plaintiff had disputed the debt in violation of § 1692e(8); (3) failed to disclose in its communications that it was a "debt collector" in violation of § 1692e(11); (4) falsely stated that it was the original creditor, in violation of § 1692g; and (5) failed to provide verification of the debt in violation of § 1692g. (*See* Plts.' Cpt. ¶¶ 39, 40, 45, 47, 49, 59, 62.) Although Wells Fargo no doubt disputes each of these allegations, they are sufficient to plead claims under the FDCPA that are distinct from, and not inextricably intertwined with, the state foreclosure action or any determination regarding Wells Fargo's ownership of the debt. Therefore, Wells Fargo's request for reconsideration of the order denying dismissal of the

3

FDCPA claims will be denied. The court anticipates that the remaining claims are straightforward and likely resolvable at summary judgment based on a review of the actual notices and communications between Wells Fargo and plaintiffs.

## II. Fair Credit Reporting Act

In contrast to plaintiffs' claims under the FDCPA, a closer review of plaintiffs' FCRA claim confirms that it is based solely on the theory that Wells Fargo lacked authority to collect plaintiffs' debt. In particular, although plaintiffs identify a number of alleged violations of FCRA, each violation begins the fundamental assumption that Wells Fargo obtained plaintiffs' credit information without a "permissible purpose" under FCRA.

However, FCRA provides that a credit report may be obtained by a person who "intends to use the information in connection with a credit transaction involving the consumer ... and ... involving the ... review or collection of an account of the consumer." 15 U.S.C. § 1681b(a)(3)(A). In other words, a debt collector's requesting a consumer's credit report for the purpose of collecting on an account does not amount to a violation of FCRA because such use is authorized by statute as a permissible purpose. *See Miller v. Wolpoff & Abramson, LLP*, 309 Fed Appx 40, 43 (7th Cir. 2009) ("because [defendant] was obtaining the [credit] report on behalf of ... the owner of the debt, [defendant] had a legitimate purpose" under 1681b(3)(A)). Here, it is clear from plaintiffs' allegations that Wells Fargo obtained plaintiffs' credit report as part of its efforts to collect plaintiffs' debt. This is a permissible purpose under the FCRA, so long as Wells Fargo was obtaining the report for the owner of the debt. Although

4

plaintiffs dispute Wells Fargo was in fact the lawful owner of the debt, that is the very argument barred by the state court's foreclosure judgment.

Because plaintiffs' FCRA claim assumes that Wells Fargo did not have the right to collect plaintiffs' debt, the claims are barred by the *Rooker Feldman* doctrine. Therefore, the court will grant defendants' motion for reconsideration with respect to this claim. The FRCA claim will be dismissed.

### III. Intentional Infliction of Emotional Distress

This leaves plaintiffs' state law claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress under Wisconsin law, a plaintiff must allege "(1) that the defendant's conduct was intentioned to cause emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme disabling emotional response to the defendant's conduct." *Rabideau v. City of Racine*, 627 N.W.2d 795, 803 (Wis. 2001) (citing *Alsteen v. Gehl*, 124 N.W.2d 312, 318 (Wis. 1963)).

Plaintiffs state in their complaint that the same allegations supporting their FDCPA and FCRA claims support a claim for intentional infliction of emotional distress. However, the court agrees with defendant that stripping away allegations regarding Wells Fargo's ownership of the debt now barred by *Rooker-Feldman*, the remaining allegations do not concern conduct that was "extreme and outrageous." In particular, the only allegations not connected to Wells Fargo's claim of ownership of the debt are plaintiffs' allegations that Wells Fargo failed to comply with verification and notice requirements under the FDCPA. Although these

allegations are sufficient to state a claim under the FDCPA itself, they do not support a claim for intentional infliction of emotional distress. Accordingly, Wells Fargo's motion for reconsideration will be granted with respect to this claim as well, and the claim will be dismissed.

ORDER

IT IS ORDERED that defendants Wells Fargo's motion for reconsideration (dkt. #17), is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to plaintiffs' claims under the Fair Credit Reporting Act and state law. Those claims are DISMISSED. The motion is DENIED in all other respects.

Entered this 31st day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge